# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| STATE OF DELAWARE | ) | |
| | ) | |
| v. | ) | ID. No. 1509013826 |
| | ) | |
| LAMAR WRIGHT-CLAYTON, | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: March 26, 2019
Decided: June 4, 2019

Upon Consideration of Defendant's Motion for Post-Conviction Relief, and the
Commissioner's Report and Recommendation
Defendant's Motion for Post-Conviction Relief is **Denied**
And the Motion to Withdraw as Counsel is **Granted**

## ORDER

Phillip M. Casale, Esquire, Department of Justice. 820 North French Street, 5th Floor, Wilmington, Delaware, 19801. Deputy Attorney General.

Lamar Wright-Clayton, *Pro Se* Defendant.

**Scott, J.**

On this 3rd day of June, 2019, upon consideration of the Defendant's Motion for Post-Conviction Relief, the Commissioner's Report and Recommendation, and the record in this case, it appears that:

1.      On March 22, 2016, a jury found Defendant Lamar Wright-Clayton guilty of Possession of a Firearm by a Person Prohibited, Possession of Ammunition by a Person Prohibited, Carrying a Concealed Deadly Weapon, and Driving while Suspended/Revoked. The Court granted the State's Motion to Declare Defendant a Habitual Offender on May 27, 2016, and Wright-Clayton was sentenced on June 3, 2016.

2.      On January 20, 2017, the Delaware Supreme Court determined Wright-Clayton's direct appeal was without merit, upholding the denial of his suppression motion, and affirming the judgment of the Superior Court.[1]

3.      Thereafter, Wright-Clayton filed a Motion for Post-Conviction Relief pursuant to Superior Court Criminal Rule 61.[2] The Court referred the Motion to Superior Court Commissioner Lynne M. Parker for proposed findings of facts and conclusions of law pursuant to 10 *Del. C.* § 512(b) and Superior Court Criminal Rule 62.[3]

---

[1] *Wright-Clayton v. State*, 2017 WL 455409 (Del. Jan. 20, 2017).
[2] D.I. 41; D.I. 42.
[3] D.I. 44.

4.     On October 23, 2018, the Commissioner filed a Report and Recommendation that Defendant's Motion for Post-Conviction Relief should be **DENIED** and the Motion to Withdraw as Counsel should be **GRANTED**.[4] Wright-Clayton filed an appeal from the Commissioner's findings and was given until November 23, 2018 to file his objections.[5]

5.     On October 30, 2018, Wright-Clayton filed an "Appeal from Commissioner's Findings of Fact and Recommendations," which failed to specify which portions of the report or specified proposed findings or recommendations to which an objection was made.[6] The Court adopted the Commissioner's Report and Recommendation ("Commissioner's Report") on February 6, 2019.[7]

6.     Wright-Clayton filed a Motion for Reconsideration on February 19, 2019,[8] and a Motion to Amend on February 28, 2019.[9] On March 7, 2019, the Court granted Wright-Clayton until April 2, 2019 to file any objections to the

---

[4] Comm'r R&R (Oct. 23, 2018) (D.I. 57).
[5] D.I. 60.
[6] Def.'s Appeal from Comm'r R&R (Oct. 30, 2018) (D.I. 59); *see* Super. Ct. Crim. R. 62(a)(5)(ii) ("[A]ny party may serve and file written objections to the Commissioner's order which set forth with particularity the basis for the objections.").
[7] D.I. 61. *See* Super. Ct. Crim. R. 62(a)(5)(iv) ("A judge shall make a *de novo* determination *of those portions* of the report or specified proposed findings or recommendations *to which an objection is being made*." (emphasis added)).
[8] D.I. 62.
[9] D.I. 63.

3

Commissioner's Report, or to alert the Court that he would be relying on his October 30, 2018 filing.[10] Wright-Clayton filed an Amended Appeal from Commissioner's Findings of Fact and Recommendations on March 26, 2019 ("Amended Appeal").[11]

7. In the Amended Appeal, Wright-Clayton contends that the Court erred in sentencing him as a habitual offender pursuant to 11 *Del. C.* § 4214 ("Section 4214"). Wright-Clayton argues that his sentence should be corrected because some of the prior convictions used to enhance his sentence are no longer considered violent felonies under 11 *Del. C.* § 4201.

8. Wright-Clayton's challenge to his habitual offender status is without merit. Section 4214(a) in part provides that "any person who has been 3 times convicted of any felony under the laws of this State . . . and who shall thereafter be convicted of a subsequent felony is declared to be a habitual offender." Wright-Clayton received an enhanced sentence under Section 4214(a) for Possession of a Firearm by a Person Prohibited and Carrying a Concealed Deadly Weapon.[12] And, the certified court records submitted by the State reveal that Wright-Clayton has six

---

[10] D.I. 64. *See Alston v. State*, 2002 WL 184247, at *1 (Del. Super. Ct. Jan. 28, 2002) ("While procedural requirements are not relaxed for any type of litigant (barring extraordinary circumstances or to prevent substantial injustice), the Court may grant *pro se* litigants some accommodations that do not affect the substantive rights of those parties involved in the case at bar.").

[11] D.I. 65.

[12] D.I. 37. *See* 11 *Del. C.* § 1448(c); 11 *Del. C.* § 1442.

4

(6) prior felony convictions.[13] These previous convictions "placed him squarely within the statutory requirements for habitual offender status."[14] From this, there was a clear basis for the Court to declare Wright-Clayton a habitual offender.

**WHEREFORE**, for reasons stated in the Commissioner's Report and Recommendation, **IT IS ORDERED** that the Commissioner's Report, including its Recommendation, is adopted by the Court. Defendant Wright-Clayton's Motion for Post-Conviction Relief is **DENIED** and Counsel's Motion to Withdraw is **GRANTED**.

_____
The Honorable Calvin L. Scott, Jr.

cc:    Prothonotary
Phillip M. Casale, Esquire, Deputy Attorney General
Natalie S. Woloshin, Esquire
Lamar Wright-Clayton, Defendant

---

[13] State's Mot. to Declare Def. a Habitual Offender (May 27, 2016) (D.I. 29).
[14] _Miller v. State_, 737 A.2d 531 (Del. 1999).

5